ROBERT GEORGE AND WINNIFRED C. VERBICA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Verbica v. Commissioner
Docket No. 6775-89
United States Tax Court
T.C. Memo 1990-584; 1990 Tax Ct. Memo LEXIS 659; 60 T.C.M. (CCH) 1240; T.C.M. (RIA) 90584; November 14, 1990, Filed *659 Decision will be entered under Rule 155. Robert George Verbica, pro se. Peter D. Bakutes, for the respondent. PARR, Judge. PARR
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined the following deficiencies in and additions to tax as follows: Additions to Tax
Year
Deficiency
§ 6651 [1] *661 § 6653(a)(1)
§ 6653(a)(1)(A)
1984
$ 14,509
$ 1,451
$  725 1985
70,311
7,031
3,516 1986
35,333
-0- $ 1,767 Additions to Tax
Year
§ 6653(a)(2)
§ 6653(a)(1)(B)
§ 6661
1984
*
$ 3,627
1985
*
17,578
1986 *
8,833
After concessions regarding 1984, 1985, and 1986, the only issues for decision are: (1) the amount of properly deductible automobile expenses for tax year 1985; (2) the amount of properly deductible travel and entertainment expenses incurred by petitioner on behalf of Pan-Asiatic Marketing International, Inc., for tax year 1985; and (3) whether petitioners are liable for additions to tax under sections 6651(a)(1), 6653(a), and 6661 for the tax year 1985. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits are incorporated herein by this reference. Petitioners resided in San Jose, California, at the time they filed their petition. Petitioners filed a joint Federal income tax return for 1985. During 1985 petitioners resided in San Jose, California, on a ranch approximately 25 miles from Mr. Verbica's office. Petitioner [2] is a real estate broker and in 1985 was engaged in the real estate business. *662 Automobiles
Petitioner included three automobiles in computing his automobile expense for 1985: his new 1985 Cadillac, his wife's 1976 Fleetwood Brougham Cadillac, and his father-in-law's 1974 Coupe de Ville Cadillac (which petitioner used when his car was being repaired). Petitioner deducted the paint and body work performed on his wife's car after petitioner drove the car for a few weeks. Petitioner also deducted the down payment and the monthly car payments on the 1985 Cadillac. Additionally, petitioner deducted the costs of commuting between home and office. During 1985 petitioner did not maintain any contemporaneous log or written record of automobile activities or expenses. Import-Export Activities
In the latter part of 1984 a Mr. Cordero informed petitioner of possible business opportunities in the Philippines. Eventually, petitioner also met with Mr. Adeva and spoke with Mr. Nituda, the presidential assistant to then President *663 Marcos. In 1985 petitioner paid for transportation, lodging and meals for Messrs. Nituda, Cordero, and Adeva, a Mr. Lindsay, and petitioner to travel round trip from San Francisco, California, to Washington, D.C., on March 4 through March 7. The purpose of the trip was to meet with Michael Deaver, assistant to then President Reagan, to further the goal of engaging in business in the Philippines. On June 10, 1985, Pan-Asiatic Marketing International, Inc. (Pan-Asiatic), held an organizational meeting and named Messrs. Lindsay, Verbica, Cordero, and Nituda as four equal shareholders. The corporation was set up to import and export sugar, copra, garments, and other products. Between June 14, 1985, and June 17, 1985, petitioner bought Mr. and Mrs. Nituda $ 5,904.66 worth of gifts including a TV, VCR's, dresses, jewelry and radios. On August 7, 1985, petitioner once again traveled to Washington, D.C., in efforts to facilitate the development of the import-export business. After Ex-President Marcos left the Philippines, petitioner's corporation unsuccessfully attempted to conduct business with the new president of the Philippines, President Aquino. The corporation remained unsuccessful *664 and eventually became defunct in 1989. The corporation never bought or sold any products whatsoever. OPINION Automobile Expenses
The parties stipulated that in 1985 petitioner incurred $ 29,475.05 of automobile expenses, of which $ 15,286.95 represents car payments. Petitioner argues his business use is 85 percent, and the down payment and car payments are immediately deductible in light of the fact that petitioner claimed no depreciation deduction on his automobiles from 1985 through 1989. Petitioner on brief argues that his automobile deduction equals 85 percent of $ 29,475.05. Respondent argues that the amount of expenses available for an automobile deduction is the $ 29,475.05 total expenses less the $ 15,286.95 car payments, equalling $ 14,188.10. Respondent further argues that petitioner's business use is 25 percent. We agree with respondent that the appropriate automobile deduction is 25 percent of $ 14,188.10. In Waddell v. Commissioner, 86 T.C. 848, 895 (1986), affd. 841 F.2d 264 (9th Cir. 1988), we stated the law covering capital expenditures as follows: *665 Ordinary and necessary expenses generally are deductible, whether incurred in a trade or business (sec. 162(a)), or in a profit-motivated activity not rising to the level of a trade or business. Sec. 212(1), (2). No current deduction is allowed, however, for an expenditure that results in the acquisition of an asset with a useful life extending substantially beyond the close of the taxable year. Secs. 1.212-1(n), 1.263(a)-2(a), Income Tax Regs.; Commissioner v. Idaho Power Co., 418 U.S. 1 (1974); Woodward v. Commissioner, 410 F.2d 313, 318 (8th Cir. 1969), affd. 397 U.S. 572 (1970).Such capital expenditures must be recovered through depreciation or amortization over the asset's useful life, or taken into account in the determination of gain or loss upon taxable disposition of the asset. Woodward v. Commissioner, 397 U.S. at 575-576; Southern Pacific Transportation Co. v. Commissioner, 75 T.C. 497, 577-578 (1980).* * *
We held car payments were not currently deductible capital expenditures when petitioner attempted to deduct the payments on another Cadillac in a previous case before *666 this Court. See Verbica v. Commissioner, T.C. Memo. 1984-558.One of the issues in that case addressed the correct percentage of petitioner's business use of his automobile for 1978. Petitioner, then, as now, claimed 85 percent; we determined the correct percentage as 25 percent. While the Court recognizes that each taxable year stands on its own, we again find that petitioner's percentage of business usage is 25 percent. The 25 percent finding is supported by petitioner's testimony that he conducted his real estate brokerage business the same way in 1985 as he did in 1978. Petitioner offered no evidence, such as a contemporaneous trip log, to corroborate his claim of 85 percent business use in 1985. Petitioner's testimony at trial concerning the business use of automobiles was at times contradictory. Here, just as in 1978, petitioner included the commute between his home and office in calculating his expenses. Petitioner's commute is not deductible. Secs. 1.162-2(e) and 1.262-1(b)(5), Income Tax Regs. We are not persuaded otherwise by petitioner's argument that his commuting expenses were deductible under section 162 because he constantly looked at different *667 properties, and "worked" properties by meeting with different people in efforts to sell properties. Petitioner has not carried his burden of proving that his business use of the automobiles is greater than 25 percent. Rule 142(a). Accordingly, we agree with respondent's allocation of petitioner's automobile expenses. Travel and Entertainment
Petitioner claimed $ 15,282.55 in travel and entertainment expenses on his 1985 tax return. Pan-Asiatic never reimbursed petitioner for these expenditures. Respondent concedes that $ 517.32 of the expenses is properly deductible. The remaining amount falls into two categories, pre-incorporation and post-incorporation expenses. The pre-incorporation expenses consist of travel and entertainment expenses incurred by petitioner and four business associates relating to a trip from San Francisco, California, to Washington, D.C. The post-incorporation expenses consist of gifts to Mr. Nituda and his wife, and travel and entertainment expenses petitioner incurred on another trip to Washington, D.C. Petitioner is not entitled to deduct any of these *668 expenses. Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Under section 162 a taxpayer may not deduct the payment of another taxpayer's trade or business expenses. Deputy v. DuPont, 308 U.S. 488, 494 (1940); Welch v. Helvering, 290 U.S. 111, 115 (1933). Generally, the trade or business of a corporation is not also the trade or business of its shareholders, and shareholders do not engage in a trade or business by investing in the stock of a corporation. Whipple v. Commissioner , 373 U.S. 193, 202 (1963). The post-incorporation expenses represent expenses incurred by Pan-Asiatic, not petitioner. Accordingly, petitioner may not deduct payments of Pan-Asiatic's expenses from his personal income, because they are not his expenses. Deputy v. DuPont, supra; Leamy v. Commissioner, 85 T.C. 798, 809 (1985). Neither can petitioner deduct the expenses incurred before Pan-Asiatic was incorporated. *669 Petitioner was not engaged in the import-export business during 1985, and thus, he is not entitled to a section 162(a) deduction. Instead, the pre-incorporation expenditures become part of petitioner's cost basis in his Pan-Asiatic stock. Ward v. Commissioner, 20 T.C. 332, 343-344 (1953). Furthermore, petitioner is not entitled to a loss under section 165(g). That section provides a deduction for worthless securities. The definition of a security includes shares of stock in a corporation. Sec. 165(g). There is not enough evidence before the Court to determine that stock became worthless in 1985. Petitioner bears the burden of proof. Rule 142(a). Accordingly, a section 165(g) loss will not be allowed in 1985. Additions to Tax
Section 6653(a) - Negligence
For 1985 section 6653(a)(1) imposes an addition to tax if any part of an underpayment of tax is due to negligence *670 or disregard of rules and regulations, and section 6653(a)(2) imposes an addition to tax on that part of the underpayment which is attributable to negligence. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).Petitioners have the burden of proof. Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioner is liable for additions to tax under section 6653(a) because the underpayments relating to petitioner's 1985 claimed automobile expense deduction is attributable to negligence. Petitioner claimed 85 percent of his automobile expenses were attributable to business use. Petitioner testified that many years ago his CPA designated the business portion of his automobile use as 85 percent. Petitioner knew when he received the statutory notice of deficiency for 1978 that the Internal Revenue Service took issue with his corroboration of automobile expenses. The opinion in the resulting case of Verbica v. Commissioner, T.C. Memo. 1984-558, was filed on October 17, 1984, and the decision became *671 final on February 20, 1985, more than a year before petitioner was required to file his income tax return for 1985. A reasonable and ordinarily prudent person would have known that a taxpayer in petitioner's position, who admittedly had not changed the way he conducted business between 1978 and 1985, should have kept more meticulous records of his automobile expenses in order to corroborate those expenses in the future. Petitioner failed to act as a reasonable and ordinarily prudent person with respect to the maintaining of his 1985 automobile expense records, and accordingly, petitioner is negligent under section 6653(a)(1). See Dick v. Commissioner, T.C. Memo. 1984-2.Although it is a close call, we find that under the circumstances herein petitioner is not negligent under section 6653(a)(2) for the portion of the understatement attributable to the claimed 1985 travel and entertainment expenses. Section 6661 - Substantial Understatement of Liability
Section 6661(a) imposes an addition to tax on any underpayment attributable to a substantial understatement *672 of income tax. Section 6661(b)(1) defines a substantial understatement as an understatement exceeding the greater of 10 percent of the tax required to be shown on the return for the year, or $ 5,000. The section 6661 addition to tax equals 25 percent of the amount of the underpayment attributable to the understatement. See Pallottini v. Commissioner, 90 T.C. 498 (1988).Petitioners have not established that the section 6661(a) addition to the tax should be reduced in accordance with either section 6661(b)(2)(B)(i) or (ii). Accordingly, the section 6661(a) addition to tax applies to petitioners. Section 6651 - Failure to Timely File a Tax Return
Section 6651(a)(1) imposes an addition to tax for the failure to timely file a required return unless the failure is due to reasonable cause and not due to willful neglect. Petitioners bear the burden of proving their failure to timely file was due to reasonable cause and not to willful neglect. Estate of Di Rezza v. Commissioner, 78 T.C. 19, 32 (1982).The return for 1985 was required to be filed on *673 or before April 15, 1986. Petitioner entered into a binding stipulation in accordance with Rule 91(e) stating that (1) petitioners deposited their 1985 joint return in the U.S. mails on June 4, 1986, (2) petitioners did not request an extension for 1985 prior to June 6, 1986, and (3) the Internal Revenue Service received a copy of their 1985 joint return on June 6, 1986. We thus find that petitioners filed their return late. [3] Petitioners have not persuaded us that their late filing was due to reasonable cause. Therefore, they are liable for the section 6651(a)(1) addition to the tax as determined by respondent. *674 To reflect the foregoing, and concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment attributable to negligence.↩
2. All future references to petitioner refer to Mr. Verbica.↩
3. Petitioner at trial and in his brief proffers a blanket assertion with no corroboration that he placed the 1985 joint return in the U.S. mail on April 15, 1986. The mere assertion of timely mailing coupled with nothing more is not enough to persuade this Court that justice requires us to disregard the binding effect of the stipulation. See sec. 301.6651-1(c)↩, Proced. & Admin. Regs. See also Rule 143(b).